USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: DEC 20 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
LEWIS BLACK,

                Petitioner,

      -against-

SUPERINTENDENT J. CONWAY,

                Respondent.

------------------------------------- X

MEMORANDUM DECISION AND ORDER

11 Civ. 0480 (GBD)(AJP)

GEORGE B. DANIELS, District Judge:

      After a jury trial in New York State Supreme Court, New York County, *pro se* petitioner Lewis Black was convicted of first and second degree robbery, attempted second degree robbery, and second and third degree criminal possession of a weapon. Petitioner was originally sentenced to an aggregate term of thirty-five years imprisonment, which was reduced on appeal by the Appellate Division, First Department, to an aggregate term of twenty-five years imprisonment.

      Petitioner now brings this petition for a writ of habeas corpus challenging his conviction and sentence. Petitioner asserts that: (1) his conviction was not supported by sufficient evidence and was against the weight of the evidence because the only evidence connecting Petitioner to any of the three robberies was a lineup identification by a single witness, and the witness was unable to identify Petitioner in court; and (2) his sentence was excessive.

      This Court referred the matter to Magistrate Judge Andrew J. Peck for a Report and Recommendation. Magistrate Judge Peck issued a Report and Recommendation ("Report") recommending that Petitioner's habeas corpus petition be denied in its entirety.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Peck advised Petitioner that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. Petitioner did not object to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Peck properly determined that there was sufficient evidence in the trial record identifying Black as the person who committed the robberies in question. At trial, the jury heard testimony that one robbery victim identified Petitioner in a lineup as the man who patted her down during the robbery.[1] Although the witness was unable to identify Petitioner at

---

[1] Magistrate Judge Peck also properly determined that even though the witness was the only one to pick Petitioner out of a lineup, her uncorroborated testimony was sufficient to support the identification and conviction. See United States v. Frampton, 382 F.3d 213, 222 (2d Cir. 2004).

trial, the prosecutor explained that Petitioner had "gained weight, grown out [his] hair, [and] grown a beard" since the robbery. To the extent that Petitioner argues that the witness's failure to identify Petitioner in court is an inconsistency that discredits her original identification, that claim lacks merit. "A federal habeas court faced with a record of historical facts that supports conflicting conclusions must presume … that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson v. Virginia, 443 U.S. 307, 319 (1929).

Further, additional evidence supported the identification of Petitioner as one of the robbers. For example, the jury heard testimony that Petitioner was apprehended after exiting a car that a witness observed two of the robbers enter and which subsequently led the police on a high speed chase. Viewing the evidence at trial in the light most favorable to the prosecution, a rational trier of fact could have found that the evidence was legally sufficient to identify Petitioner as one of the robbers.

Magistrate Judge Peck also properly determined that Petitioner's weight of the evidence claim is not cognizable on habeas review. "The argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus." McKinnon v. Superintendent, Great Meadow Corr. Facility, Civ. No. 08-2828, 2011 WL 2005112 at *4 (2d Cir. May 24, 2011). Magistrate Judge Peck also properly determined that Petitioner's excessive sentence claim is not cognizable on habeas review. An excessive sentence claim does not provide a basis for habeas relief where the sentence is within the range prescribed by state law. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). It is undisputed that Black's sentence of twenty-five years imprisonment is within the range prescribed by New York law. See Penal Law §§ 70.02(1)(a), 70.04(1)(b)(ii), 70.04(3)(a).

Finally, as Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corp. Counsel of the City of New York, 9 Fed. App'x. 58, 60 (2d Cir. 2001).

## Conclusion

This Court adopts the Report and Recommendation in its entirety. The petition for a writ of habeas corpus is DENIED.

Dated: December 20, 2012
      New York, New York

SO ORDERED:

*[signature]*

GEORGE B. DANIELS
United States District Judge